Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
REYES DIAZ , *individually and on behalf of others*
*similarly situated,*

                                        *Plaintiff,*

                        -against-


SLAYTON ONE CLEANER INC. (d/b/a SLAYTON
CLEANERS), KLSC CLEANERS INC. (d/b/a
SLAYTON CLEANERS), LI CHING CHANG and
MYONG H. LEE

                                *Defendants.*
--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**


        Plaintiff Reyes Diaz, individually and on behalf of others similarly situated ("Plaintiff

Diaz" or "Mr. diaz"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges

upon information and belief, and as against each of Defendants Slayton One Cleaner Inc. (d/b/a/

Slayton Cleaners), KLSC Cleaners Inc. (d/b/a Slayton Cleaners) ("Defendant Corporations"), Li

Ching Chang and Myong H. Lee  (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff was an employee of Defendants Slayton One Cleaner Inc. (d/b/a/ Slayton Cleaners), KLSC Cleaners Inc. (d/b/a Slayton Cleaners), Li Ching Chang and Myong H. Lee (collectively, "Defendants").

2.      Upon information and belief, Defendants own, operate or control a full service cleaner which operates under the name Slayton Cleaners and is located at 1565 York Avenue, New York, New York 10028.

3.      Upon information and belief individual Defendant, Li Ching Chang, served as owner, manager, principal and/or agent of Slayton One Cleaner Inc. ("Defendant Corporation"), and through the corporate entity operated a full service laundry and cleaner business (Slayton Cleaners), as a joint or unified enterprise.

4.      Upon information and belief individual Defendant, Myong H. Lee, served as owner, manager, principal and/or agent of KLSC Cleaners Inc. ("Defendant Corporation") and through the corporate entity operated a full service laundry and cleaner business (Slayton Cleaners), as a joint or unified enterprise.

5.      Plaintiff Diaz is a former employee of Defendants.

6.      Plaintiff Diaz worked at a full service laundry and cleaner located at 1565 York Avenue, New York, New York 10028, where he ironed clothes.

7.      Plaintiff Diaz regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked.

8.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Diaz appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

9.     Defendants' conduct extended beyond Plaintiff Diaz to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Diaz and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Diaz now brings this action on behalf of himself and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the minimum wage and overtime law, including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Diaz seeks certification of this action as a collective action on behalf of himself individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Diaz's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Diaz was employed by Defendants in this district.

## PARTIES

*Plaintiff Diaz*

15.     Plaintiff Reyes Diaz ("Plaintiff Diaz" or "Mr. Diaz") is an adult individual residing in Kings County, New York. Plaintiff Diaz was employed by Defendants from approximately 2004 until on or about February 5, 2017.

16.     At all relevant times to this complaint, Plaintiff Diaz was employed by Defendants to iron clothes at Slayton Cleaners located at 1565 York Avenue, New York, New York 10028.

17.     Plaintiff Diaz consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     Defendants own, operate, and/or control a full service Laundry and cleaner located at 1565 York Avenue, New York, New York 10028, under the name "Slayton Cleaners".

19.     Upon information and belief, Defendant Slayton One Cleaner Inc. ("Slayton Cleaners" or "Defendant Corporation") is a Corporation organized and existing under the laws of

the State of New York. Upon information and belief, it maintains its principle place of business at 1565 York Avenue, New York, New York 10028.

20.    Upon information and belief, Defendant KLSC Cleaners Inc. ("Slayton Cleaners" or "Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1565 York Avenue, New York, New York 10028.

21.    Defendant Li Ching Chang is an individual who is engaging in business within this judicial district during the relevant time period.

22.    Defendant Li Ching Chang is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

23.    Defendant Li Ching Chang possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

24.    Defendant Li Ching Chang determined the wages and compensation of the employees of Defendants, including Plaintiff Diaz, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.    Defendant Myong H. Lee is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.    Defendant Myong H. Lee is sued individually and in her capacity as owner, officer and/or agent of Defendant Corporations.

5

27.    Defendant Myong H. Lee possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28.    Defendant Myong H. Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Diaz, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29.    Defendants operate a full service laundry and cleaner located in the Upper East Side section of Manhattan in New York City.

30.    At all relevant times, Individual Defendants, Li Ching Chang and Myong H. Lee possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

31.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.    At all relevant times, each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Diaz, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiff Diaz , and all similarly situated individuals, and are Plaintiff Diaz's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiff Diaz and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants Li Ching Chang and Myong H. Lee operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations  as entities legally separate and apart from themselves by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)    defectively forming or maintaining Defendant Corporations  by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporations  for their own benefit as the sole or majority shareholders;

(e)    operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations or closely controlled entities;

(f)    intermingling assets and debts of their own with Defendant Corporations;

(g)    diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

7

(h)     other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

37.     Defendants had the power to hire and fire Plaintiff Diaz, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Diaz's services.

38.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner/Laundry on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40.     Plaintiff Diaz is a former employee of Defendants primarily employed to iron clothes.

41.     Plaintiff Diaz seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Reyes Diaz*

42.     Plaintiff Diaz was employed by Defendants from approximately 2004 until on or about February 5, 2017.

43.     At all relevant times, Plaintiff Diaz was employed by Defendants to perform the duties of ironing clothes.

44.     Plaintiff Diaz regularly handled goods in interstate commerce, such as starches and other cleaning agents necessary to perform the work that were produced outside of the State of New York.

45.     Plaintiff Diaz's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Diaz regularly worked in excess of 40 hours per week.

47.     From approximately February 2011 until on or about February 2017, Plaintiff Diaz worked from approximately 7:30 a.m. until on or about 5:30 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 4:00 p.m. on Saturdays (typically 58 hours per week).

48.     Throughout his employment with Defendants, Plaintiff Diaz was paid his wages in cash.

49.     From approximately February 2011 until on or about July 2014, defendants paid Plaintiff Diaz a fixed salary of $550 per week.

50.     From approximately July 2014 until on or about July 2015, defendants paid Plaintiff Diaz a fixed salary of $600 per week.

51.     From approximately July 2015 until on or about February 5, 2017, defendants paid Plaintiff Diaz a fixed salary of $750 per week.

52.        Plaintiff Diaz's pay did not vary even when he was required to stay later or work
a longer day than his usual schedule.

53.        For example, Defendants required Plaintiff Diaz to continue working 30 minutes
past his scheduled departure time Mondays throughFridays and did not pay him
any additional compensation for the extra time they required him to work.

54.        Plaintiff Diaz was not required to keep track of his time, nor to his knowledge, did
the Defendants utilize any time tracking device such as punch cards, that accurately reflected his
actual hours worked.

55.        Instead, defendants required Plaintiff Diaz to sign a document, the contents of
which he was not allowed to review, in order to get paid each week.

56.        No notification, either in the form of posted notices, or other means, was given to
Plaintiff Diaz regarding wages as required under the FLSA and NYLL.

57.        Defendants did not provide Plaintiff Diaz with each payment of wages a statement
of wages, as required by NYLL 195(3).

58.        Defendants did not give any notice to Plaintiff Diaz, in English and in Spanish
(Plaintiff Diaz's primary language), of his rate of pay, employer's regular pay day, and such
other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.        Defendants regularly required Plaintiff Diaz to work in excess of forty (40) hours
per week without paying him the required minimum wage and overtime compensation.

60.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Diaz  and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate straight rate, or overtime compensation, as required by federal and state laws.

61.    Plaintiff Diaz, and upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

62.    Defendants' pay practices resulted in Plaintiff Diaz not receiving payment for all his hours worked, resulting in Plaintiff Diaz's effective rate of pay falling below the required minimum and overtime wage rate.

63.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64.    Defendants always paid Plaintiff Diaz all his wages in cash.

65.    Defendants did not post required wage and hour posters in the full service laundry and cleaner.

66.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Diaz (and similarly situated individuals) worked, and to avoid paying Plaintiff Diaz properly for his full hours worked and for overtime wages due.

67.    Plaintiff Diaz has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

11

68.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Diaz by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

69.     Defendants failed to provide Plaintiff Diaz and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Diaz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Diaz brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Slayton Cleaners (the "FLSA Class").

72.     At all relevant times, Plaintiff Diaz and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

73.     The claims of Plaintiff Diaz stated herein are similar to those of the other employees.


**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

74.     Plaintiff Diaz repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

76.     Defendants had the power to hire and fire Plaintiff Diaz (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

77.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

79.     Defendants failed to pay Plaintiff Diaz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80.     Defendants' failure to pay Plaintiff Diaz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Diaz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82.      Plaintiff Diaz repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants, in violation of the FLSA, failed to pay Plaintiff Diaz  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

84.     Defendants' failure to pay Plaintiff Diaz (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85.      Plaintiff Diaz (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE LAW

86.     Plaintiff Diaz repeats and realleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Diaz (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

88.     Defendants, in violation of the NYLL, paid Plaintiff Diaz (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

89.      Defendants' failure to pay Plaintiff Diaz (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90.      Plaintiff Diaz (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

91.     Plaintiff Diaz repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq*. and supporting regulations, failed to pay Plaintiff Diaz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiff Diaz (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff Diaz (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE and RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95.     Plaintiff Diaz repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to provide Plaintiff Diaz  with a written notice, in English and in Spanish (Plaintiff Diaz's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants are liable to Plaintiff Diaz in the amount of $5,000, together with costs and attorney's fees.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

98.     Plaintiff Diaz repeats and realleges all paragraphs above as though set forth fully herein.

99.     Defendants did not provide Plaintiff Diaz with wage statements upon each payment of wages, as required by NYLL 195(3).

100.     Defendants are liable to Plaintiff Diaz in the amount of $5,000, together with costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diaz respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Diaz and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff Diaz and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Diaz's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Diaz and the FLSA class members;

(f)      Awarding Plaintiff Diaz and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Diaz and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Diaz and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime provisions and associated rules and regulations under the NYLL as to Plaintiff Diaz and the FLSA class members;

(j)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Diaz's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Diaz and the FLSA Class members;

(l)     Awarding Plaintiff Diaz and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(m)     Declaring that Defendants violated the provisions of section 191 of the NYLL;

(n)     Awarding Plaintiff Diaz and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Diaz and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Diaz and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Diaz demands a trial by jury on all issues triable by a jury

19

Dated: New York, New York
     February 21, 2017

                MICHAEL FAILLACE & ASSOCIATES, P.C.

                By:    Michael A. Faillace
                      60 East 42nd St., Suite 2540
                      New York, New York 10165
                      (212) 317-1200
                      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 10, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Reyes Diaz

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           10 de febrero de 2017

*Certified as a minority-owned business in the State of New York*