# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

April 19, 2019

**VIA ECF**

The Honorable Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** Diaz et al., v. Slayton One Cleaner, Inc., et al.
17-cv-1311 (LTS) (KNF)

Dear Judge Cote:

I am counsel to Plaintiff Reyes Diaz in the above referenced matter, and I write to respectfully request that the Court approve the Settlement Agreements (the "Agreement") reached by the parties in this action. Plaintiff has reached separate settlements with Defendants KLSC Cleaners Inc. and Myong H. Lee (the "First Owners") and with Slayton One Cleaner, Inc., Shih Liao, and Li Ching Chang (the "Second Owners"). The Agreement with the First Owners is annexes as Exhibit A, and the Agreement with the Second Owners is annexed as Exhibit B.

We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case as against allDefendants with prejudice after Plaintiff files the stipulation of dismissal accompanying the proposed settlement agreement. The parties are also aware of the decision in Wolinsky v. Scholastic Inc., No. 11-cv-5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiff would be entitled to if he prevailed at trial to the greatest extent possible, the settlement is fair, as discussed herein.

**Background**

Defendants owned and operated a laundry and cleaners under the name Slayton Cleaners. The First Owners owed the business until April 2016 when they sold the business to the Second Owners. Plaintiff was employed to work at Slayton Cleaners from approximately April 2004 until February 2017. Plaintiff worked as a presser.

Throughout his employment at Slayton Cleaners, Plaintiff alleges that he regularly worked in excess of 40 hours per week. Specifically, Plaintiff alleged that he worked 58 hours per week under the First Owners, and 60 hours per week for the Second Owners.

Throughout his employment at the Subway franchise, Plaintiff alleges that he was paid his wages in cash. His r rate of pay varied across the years he worked, but at all times he paid a fixed weekly salary that did not compensate him with an overtime premium for the hours he worked above 40.

The Defendants sharply contested Diaz's allegations as to the hours he worked. Defendants acknowledge that he worked above 40 hours and was due some amount of overtime, but claimed it was far less time than the 58-60 hours Diaz alleged. Defendants listed several non-party witnesses who presumably would have testified that Diaz worked fewer hours than he claimed. The parties also disagreed as to the method of calculating the overtime due to Diaz under the FLSA. Plaintiff argued that the weekly salary Diaz received was intended to cover 40 hours, and therefore the regular rate would be calculated by dividing the weekly salary he received by 40 hours, with overtime being 1.5 times the regular rate multiplied by the hours above 40 Diaz worked. Defendants contended that the regular rate of pay would properly be calculated by dividing the weekly salary by the total number of hours worked, and that Diaz was entitled to

recover the additional overtime premium for each of his overtime hours. These factual and legal disagreements would have presented a wide range of potential outcomes at trial.

The parties reached settlement after completing discovery, submitting pretrial material, holding a pre-trial conference and just two weeks before trial. The parties held two settlement conferences with Magistrate Judge Fox which did achieve settlement, and then reached a settlement at a mediation with Rebecca Price through the Court's mediation program. The parties are grateful for Ms. Price's assistance in achieving settlement.

**Settlement**

Diaz has agreed to the settle the action with the First Owners for the total amount of $75,000, to be paid in two equal installments, 30 and 60 days after Court approval. Diaz has agreed to settle the action with the Second Owners for the total amount of $20,000, to be paid over the course of five equal monthly installments.

The Agreement is the product of much arm's-length bargaining between experienced counsel, and it is fair to Plaintiff. Per calculations prepared by the undersigned, Plaintiffs' best-case scenario damages for unpaid wages and overtime totaled roughly $61,500 from the First Owners and $23,500 from the Second Owners, with all-inclusive damages of roughly $153,000 against the First Owners and $62,750 against the Second Owners. While the settlement amount is obviously less than those figures, Plaintiff was willing to accept the settlement amount as the payments are guaranteed and slated to begin within 30 days of settlement approval. While both settlements include installments, the installments are of relatively short durations. The Agreement also enables Plaintiff to secure payment while avoiding the burden and uncertainty of a trial. As noted above, Defendants were prepared to challenge the amount of hours Diaz worked, and Diaz's asserted method of calculating overtime owed. If Diaz were to have prevailed at trial as to the

number of hours but the court were to apply the calculation method advocated by Defendants, Diaz's damages would have been reduced to approximately $24,500 in overtime and $65,000 in total damages from the First Owners, and approximately $5,250 in backpay and $21,750 in total damages from the Second Owners. Diaz recognized that the result of the litigation, and specifically his allegations as to his hours and the method of calculating the overtime owed, had a significant likelihood of being rejected, resulting in a lesser recovery. By settling, Diaz has secured a fair and reasonable compromise in light of the risks faced at trial.

In this District, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

In this case the factors support approval of the settlement. While Plaintiff potentially could have recovered greater than the amount he is settling for, there was also a significant risk that he would recover considerably less. Trial would have been time-consuming, requiring Diaz to spend several days in Court. The settlement is the product of arm's length negotiation between counsel over the course of years, and with assistance of Magistrate Judge Fox who held two settlement conference, and mediator Rebecca Price, who held the mediation where settlement was ultimately reached.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $31,665.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction from the forty percent in attorneys' fees provided by Plaintiff's retainer agreement with counsel.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to counsel's hard-fought negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael

Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace & Associates, P.C. in 2012 and has litigated more than one hundred employment actions, including over 20 trials. Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, 2018, and 2019. His worked is billed at the rate of $400 per hour and is indicated by the initials "JA."
- Work performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See* Perez v. Platinum Plaza 400 Cleaners, Inc., Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Mr. Faillace and his associate, Mr. Androphy, finding they had "demonstrated

entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); Tenorio v. Clinton Gourmet Corp., et al., No. 15-cv-7903 (AKH), Hr'g Tr. 7:3-6, 8:23-24 (S.D.N.Y. January 22, 2016) (awarding Mr. Faillace and his associates the requested fees and finding the billing rates and hours expended reasonable).

Plaintiff's attorneys billing records are annexed as Exhibit C. As set out therein, Plaintiff's attorneys lodestar amount is $30,278.75 in attorneys' fees and $1,635.70 in costs. This is approximately the amount Plaintiff's attorneys will receive under the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and within the range of fees typically awarded in cases in this Circuit. "'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (*quoting* Farrar v. Hobby, 506 U.S. 103,114 (1992)).

Here, Plaintiff's counsel was able to obtain a satisfactory settlement without trial. In total then, the requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff's interests have thus been adequately safeguarded. Additionally, dismissal of this action as to Defendants will not prejudice anyone other than Plaintiff; no other employees have come forward, nor would they be prejudiced by dismissal of this lawsuit.

In full consideration of the issues presented in Cheeks, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Joshua S. Androphy
Joshua S. Androphy
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Diane Lee, Esq. (via ECF)
Rui Ma, Esq. (via ECF)
*Attorneys for Defendants*