**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

REYES DIAZ, *individually and on behalf of others similarly situated,*

     *Plaintiff,*

    -against-

SLAYTON ONE CLEANER INC. (d/b/a SLAYTON CLEANERS), KSLC CLEANERS/ INC. (d/b/a SLAYTON CLEANERS), LI CHING CHANG and MYONG H. LEE

     *Defendants.*

**Case No.** 17-cv-1311

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4|22|2019

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Reyes Diaz ("Plaintiff Diaz") on the one hand, Slayton One Cleaner Inc. (d/b/a Slayton Cleaners), ("Defendant Corporation"), Li Ching Chang and Shih L. Liao ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Diaz alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Diaz's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 17-cv-1311 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Diaz, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Diaz may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Diaz, the gross sum of Twenty Thousand Dollars and No Cents (**$20,000.00**) (the "Settlement Amount") to be paid to Plaintiff Diaz's and his attorneys in Five ("5") installments, as follows:

(a)     Installment One: One check in the amount of Two Thousand Six Hundred Sixty Seven Dollars and No Cents ($2,667.00) made payable to "Reyes Diaz" and one check in the amount of One Thousand Three Hundred Thirty Three Dollars and Zero Cents ($1,333.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Diaz", adding up to the total amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit. Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

(b)     Installment Two: One check in the amount of Two Thousand Six Hundred Sixty Seven Dollars and No Cents ($2,667.00) made payable to "Reyes Diaz" and one check in the amount of One Thousand Three Hundred Thirty Three Dollars and Zero Cents ($1,333.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Diaz", adding up to the total amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit. Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

(c)     Installment Three: One check in the amount of Two Thousand Six Hundred Sixty Seven Dollars and No Cents ($2,667.00) made payable to "Reyes Diaz" and one check in the amount of One Thousand Three Hundred Thirty Three Dollars and Zero Cents ($1,333.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Diaz", adding up to the total amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit. Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

(d)     Installment Four: One check in the amount of Two Thousand Six Hundred Sixty Seven Dollars and No Cents ($2,667.00) made payable to "Reyes Diaz" and one check in the amount of One Thousand Three Hundred Thirty Three Dollars and Zero Cents ($1,333.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Diaz", adding up to the total amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit. One Hundred and Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

(e)     Installment Five: One check in the amount of Two Thousand Six Hundred Sixty Seven Dollars and No Cents ($2,667.00) made payable to "Reyes Diaz" and one check in the amount of One Thousand Three Hundred Thirty Three Dollars and Zero Cents ($1,333.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Diaz", adding up to the total amount of Four Thousand Dollars and No Cents ($4,000.00) for immediate deposit. One Hundred and Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

Within 30 days from of court approval all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants Slayton One Cleaner Inc. (d/b/a Slayton Cleaners), ("Defendant Corporation"), Li Ching Chang and Shih L. Liao shall each

execute and deliver to Plaintiff Diaz's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Diaz's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff Diaz's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff Diaz's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Rui Ma, Esq., at Hang & Associates, PLLC 136-20 38th Avenue, Suite 10G, Flushing, NY 11354. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.   Release and Covenant Not To Sue:   Plaintiff Diaz hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Diaz at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Diaz from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Diaz relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.   No Admission of Wrongdoing:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.   Modification of the Agreement:   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Diaz and Defendants.

5.   Acknowledgments:   Plaintiff Diaz and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.   Notices:   Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:


To Plaintiff Diaz:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.

60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Rui Ma, Esq.,
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354.
Tel: (718)-353-8588
Fax: (718) 353-6288
Email: rma@hanglaw.com

7.      Governing Law:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.      Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Diaz agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.      Release Notification:  Defendants advised Plaintiff Diaz to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Diaz acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Diaz acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Diaz confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10.     Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

So ordered.

*[signature]*

April 22, 2019

PLAINTIFF:

By: _____          Date: 4/18/19
    REYES DIAZ


DEFENDANTS:

*Defendant Corporation*

By: _____          Date: _____
    Slayton One Cleaner Inc. (d/b/a Slayton Cleaners)

*Individual Defendants*

By: _____          Date: _____
    Li Ching Chang

By: _____          Date: _____
    Shih L. Liao

PLAINTIFF:

By: _____   Date: _____
    REYES DIAZ


DEFENDANTS:

*Defendant Corporation*

By: _____   Date: 4/8/2019
    Slayton One Cleaner Inc. (d/b/a Slayton Cleaners)

*Individual Defendants*

By: X _____   Date: 4/18/2019
    Li Ching Chang

By: _____   Date: 4/8/2019
    Shih L. Liao

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

REYES DIAZ, *individually and on behalf of*
*others similarly situated,*

         *Plaintiff,*

      -against-

SLAYTON ONE CLEANER INC. (d/b/a
SLAYTON CLEANERS), KSLC
CLEANERS/ INC. (d/b/a SLAYTON
CLEANERS), LI CHING CHANG and
MYONG H. LEE
         *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - x

     **Index No.:**

     **AFFIDAVIT OF CONFESSION OF**
     **JUDGMENT**

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF          )

    1.    I, Li Ching Chang, am the President Slayton One Cleaners Inc. (d/b/a Slayton Cleaners). I am duly authorized to make this affidavit of confession of judgment on behalf of Slayton One Cleaners Inc. (d/b/a Slayton Cleaners).

    2.    Slayton One Cleaners Inc. (d/b/a Slayton Cleaners), maintains its principal place of business in New York County at _____.

    3.    Pursuant to the terms of the Settlement Agreement and Release by and between Reyes Diaz ( "Plaintiff") and Slayton One Cleaners Inc. (d/b/a Slayton Cleaners). Li Ching Chang and Shih L. Liao (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Slayton One Cleaners Inc. (d/b/a Slayton Cleaners) in favor of Plaintiff for the sum of Twenty Five Thousand Dollars and No Cents ($25,000.00), less any payments made under the Settlement Agreement.

    4.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Thousand Dollars and No Cents ($20,000.00) to Plaintiff. The amount of this affidavit of confession of judgment represents the amount of Twenty Five Thousand Dollars and No Cents ($25,000.00)

    5.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Five Thousand Dollars and No Cents ($25,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against Slayton One Cleaners Inc. (d/b/a Slayton Cleaners).

Slayton One Cleaners Inc.

By: ___×_____
Li Ching Chang
Title: President

STATE OF _____×Y_____ )
: ss.:

On ___4/18___, 2019, before me personally came ___Li ching chang___, to me known, who, by me duly sworn, did depose and say that deponent resides at ___Estates Lane Bayside___, that deponent is the President of Slayton One Cleaners Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Slayton One Cleaners Inc. and was authorized to do so.

_____
Notary Public

**WING TAK CHEUNG**
NOTARY PUBLIC, State of New York
NO. 01CH6148924
Qualified in Queens County
Commission Expires July 3rd, 2022

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – x

REYES DIAZ, *individually and on behalf of*
*others similarly situated,*

               *Plaintiff,*

     -against-

SLAYTON ONE CLEANER INC. (d/b/a
SLAYTON CLEANERS), KSLC CLEANERS/
INC. (d/b/a SLAYTON CLEANERS), LI
CHING CHANG and MYONG H. LEE

            *Defendants.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – x

        **Index No.:**

        **AFFIDAVIT OF CONFESSION OF**
        **JUDGMENT**

STATE OF NEW YORK    )
                   : ss.:
COUNTY OF   Queens   )

    1.    I, Li Ching Chang, reside in  Queens  County.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Reyes Diaz ("Plaintiff") and Slayton One Cleaners Inc. (d/b/a Slayton Cleaners). Li Ching Chang and Shih L. Liao (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me, Li Ching Chang in favor of Plaintiff for the sum of Twenty Five Thousand Dollars and No Cents ($25,000.00), less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Diaz under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Thousand Dollars and No Cents ($20,000.00) to Plaintiff Diaz. The amount of this affidavit of confession of judgment represents the amount of Twenty Five Thousand Dollars and No Cents ($25,000.00)

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Five Thousand Dollars and No Cents ($25,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Li Ching Chang.

X _____
          Li Ching Chang

Sworn to before me this
18 day of ___April___ 2019

Notary Public

WING TAK CHEUNG
NOTARY PUBLIC, State of New York
NO. 01CH6148924
Qualified in Queens County
Commission Expires July 3rd, 2022

EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x

REYES DIAZ, *individually and on behalf of*
*others similarly situated,*

                              *Plaintiff,*

            -against-

SLAYTON ONE CLEANER INC. (d/b/a
SLAYTON CLEANERS), KSLC
CLEANERS/ INC. (d/b/a SLAYTON
CLEANERS), LI CHING CHANG and
MYONG H. LEE

                             *Defendants.*

------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK     )
                       : ss.:
COUNTY OF             )

1.    I, Shih L. Liao, reside in _Queens_ County.

2.    Pursuant to the terms of the Settlement Agreement and Release by and between Reyes Diaz ("Plaintiff") and Slayton One Cleaners Inc. (d/b/a Slayton Cleaners). Li Ching Chang and Shih L. Liao (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me, Shih L. Liao, in favor of Plaintiff for the sum of Twenty Five Thousand Dollars and No Cents ($25,000.00), less any payments made under the Settlement Agreement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff Diaz under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Twenty Thousand Dollars and No Cents ($20,000.00) to Plaintiff Diaz. The amount of this affidavit of confession of judgment represents the amount of Twenty Five Thousand Dollars and No Cents ($25,000.00).

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Twenty Five Thousand Dollars and No Cents ($25,000.00) (less any amounts already paid to Plaintiff pursuant to the

above schedule), against me, Shih L. Liao.

_____
Shih L. Liao

Sworn to before me this
18 day of April 2019

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021