UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REYES DIAZ, *individually and on behalf of others similarly situated,*

        *Plaintiff,*

-against-

SLAYTON ONE CLEANER INC. (d/b/a SLAYTON CLEANERS), KSLC CLEANERS INC. (d/b/a SLAYTON CLEANERS), LI CHING CHANG and MYONG H. LEE

        *Defendants.*

Case No. 17-cv-1311

**SETTLEMENT AGREEMENT
AND
RELEASE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/22/2019

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Reyes Diaz ("Plaintiff Diaz") on the one hand, KSLC Cleaners Inc. (d/b/a Slayton Cleaners), ("Defendant Corporation"), Myong H. Lee ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

    WHEREAS, Plaintiff Diaz alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff Diaz's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York District of New York, Civil Action No: 17-cv-1311 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Diaz, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Diaz may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Diaz, the gross sum of Seventy Five Thousand Dollars and No Cents (**$75,000.00**) (the "Settlement Amount") to be paid to Plaintiff Diaz's and his attorneys in two ("2") installments, as follows:

1231196.1

,Nine   ,Eight   $29,000,

(a)     Installment One: The payment shall consist of two separate checks: one check in the amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) made payable to "Reyes Diaz" and one check in the amount of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) made payable to "Michael Faillace and Associates, P.C. as Attorney for Plaintiff Diaz", adding up to the total amount of Thirty Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

(b)     Installment Two: The payment shall consist of two separate checks: one check in the amount of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) made payable to "Reyes Diaz" and one check in the amount of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) made payable to "Michael Faillace and Associates, P.C. as Attorney for Plaintiff Diaz", adding up to the total amount of Thirty Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Diaz's counsel.

Within 30 days from court approval all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, KSLC Cleaners Inc. (d/b/a Slayton Cleaners), ("Defendant Corporation"), and Myong H. Lee ("Individual Defendant) shall each execute and deliver to Plaintiff Diaz's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Diaz's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiff Diaz's counsel's escrow account, or Defendants fail to deliver the payments to Plaintiff Diaz's counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Diane H. Lee, Esq. The Law Offices of Diane H. Lee, P.C. 16 W. 32nd Street Suite 305, New York, N.Y. 10001 and email: dlee@dhllaw.com. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2.     Release and Covenant Not To Sue:  Plaintiff Diaz hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Diaz has had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Diaz from any and all known claims, and liabilities of any kind that they have, had or

claimed to have against Plaintiff Diaz relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Diaz and Defendants.

5. Acknowledgments: Plaintiff Diaz and Defendants acknowledge that he is not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. He further acknowledges and agrees that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Diaz:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Diane H. Lee, Esq.
The Law Offices of Diane H. Lee, P.C.
16 W. 32nd Street Suite 305
New York, N.Y. 10001
Tel: 201-363-0101
Fax: 888-908-3660
Email: dlee@dhllaw.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or

unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Diaz agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification**: Defendants advised Plaintiff Diaz to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Diaz acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Diaz acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Diaz confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____     Date: 4/18/19
REYES DIAZ

DEFENDANTS:

*Defendant Corporation*

By: _____     Date: _____
KSLC Cleaners Inc. (d/b/a Slayton Cleaners)

*Individual Defendant*

By: _____     Date: _____
Myong H. Lee

So ordered.
*[signature]*
April 22, 2019

unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Diaz agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  **Release Notification**: Defendants advised Plaintiff Diaz to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff Diaz acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Diaz acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Diaz confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____          Date: _____
    REYES DIAZ

DEFENDANTS:

*Defendant Corporation*

By: _____          Date: 4/19/19
    KSLC Cleaners Inc. (d/b/a Slayton Cleaners)

*Individual Defendant*

By: _____          Date: 4/19/19
    Myong H. Lee

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x
REYES DIAZ *individually and on behalf of others similarly situated*,

    *Plaintiff*,

-against-

SLAYTON ONE CLEANER INC. (d/b/a SLAYTON CLEANERS), KSLC CLEANERS INC. (d/b/a SLAYTON CLEANERS), LI CHING CHANG and MYONG H. LEE

    *Defendants.*

------------------------------------x

**Index No.:**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW ~~YORK~~ Jersey  )
                                    ) : ss.:
COUNTY OF Bergen       )

1. I, Myong H. Lee, reside in Bergen County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Reyes Diaz ("Plaintiff") and KSLC Cleaners Inc. (d/b/a Slayton Cleaners), and Myong H. Lee (each collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me, Myong H. Lee, in favor of Plaintiff for the sum of Eighty Thousand Dollars and No Cents ($80,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Diaz under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) to Plaintiff Diaz. The amount of this affidavit of confession of judgment represents the amount of Eighty Thousand Dollars and No Cents ($80,000.00).

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for Eighty Thousand Dollars and No Cents ($80,000.00) (less any amounts already paid to Plaintiff pursuant to the

above schedule), against me, Myong H. Lee.

                                                       _____
                                                       Myong H. Lee

Sworn to before me this
19th day of April 2019

_____
Notary Public

Diane H. Lee
Attorney at Law in the
State of New York & New Jersey